UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose Angel TORRES–BOBADILLA,
Defendant—Appellant.

No. 05–50875.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 5, 2007.*

Filed June 13, 2007.

Christopher M. Alexander, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Charles (Casey) J. Donovan, Esq., Donovan & Donovan, San Diego, CA, for Defendant–Appellant.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Jose Angel Torres–Bobadilla appeals from the district court's judgment, issued on limited remand pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084–86 (9th Cir.2005) (en banc), upholding the original 86–month sentence imposed for his conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Torres–Bobadilla contends that the district court erred in not providing him with an opportunity to allocute before the district court made its decision not to resentence him. This contention is foreclosed. *See United States v. Silva*, 472 F.3d 683, 689 (9th Cir.2007) ("Our review of *Ameline*, our due process jurisprudence, and Fed.R.Crim.P. 32 reveals no constitutional or statutory reason to require allocution during an *Ameline* remand.").

Torres–Bobadilla further contends that his sentence is unreasonable because the district court failed to adequately consider the preamble to 18 U.S.C. § 3553(a), and the circumstances surrounding a prior crime. This contention is unpersuasive. The district court properly considered the § 3553(a) factors, ultimately concluding that Torres–Bobadilla's sentence was warranted in light of his criminal history, the need to promote respect for the law, the need to protect the public, and the need to reflect the seriousness of the offense. The district court also considered Torres–Bobadilla's potentially mitigating circumstances, but concluded that they did not warrant a materially different sentence. We conclude that the sentence was not unreasonable.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.